IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PATRICK BUSH, # 09267-081                                        PETITIONER

VS.                              CIVIL ACTION NO. 5:09-cv-36(DCB)(MTP)

BRUCE PEARSON                                                    RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 15)**, and on the petitioner Patrick Bush ("Bush")'s objections thereto. Having carefully considered the report and recommendations of the magistrate judge and the petitioner's objections, and being fully advised in the premises, the Court finds as follows:

In his 28 U.S.C. § 2241 petition, Bush challenges an Incident Report charging him with "Escape from Unescorted Community Program, Activity, Open Institution or from Outside Secure Institution Without Violence," in violation of Code 200, and related disciplinary proceedings in which he was found guilty of the offense. The petitioner alleges that (1) he did not receive sufficient advance written notice of the charges; (2) the written findings and evidence do not support the Discipline Hearing Officer (DHO)'s ruling; (3) the reporting officer knowingly falsified the Incident Report in order to support the charge; and (4) petitioner was entitled to have the DHO decision based upon the "greater

weight of the evidence," rather than "some evidence," because there was conflicting evidence presented.  Bush requests that the Incident Report be expunged and that the 27 days of Good Conduct Time (GCT) disallowed by the DHO be restored.

In his Report and Recommendation, Magistrate Judge Parker finds that petitioner was provided a copy of the Incident Report more than 24 hours before the disciplinary proceeding, as required by <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974).  Furthermore, Bush gave a statement in his defense, was advised of his right to present evidence and testimony from witnesses and to request help from a staff representative (which he declined), and the Incident Report contains a written statement of the evidence relied on and the reasons for the disciplinary action taken.  Therefore, the due process requirements set forth in <u>Wolff</u> have been satisfied.

The Report and Recommendation also finds that there is "some evidence" to show that Bush committed the offense in question, as required by <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 455 (1985):  "Based on the evidence as relied on by the DHO, and without any credible contradictory evidence from Petitioner, other than his own self-serving statement that he was merely out of bounds and did not intend to escape, the court finds that there was 'some evidence' to support the DHO's finding of guilt."  Report and Recommendation, p. 7.

Magistrate Judge Parker finds that Lieutenant Rodgers' re-

2

writing of a portion of the Incident Report merely clarified that he observed petitioner walking from the trailer park area, which is off institutional grounds, through the woods, since the initial report simply stated that Lieutenant Rodgers observed petitioner "walk out of the woods" without specifying that he was, in fact, off institutional grounds.  There is no evidence to support petitioner's allegation that Lieutenant Rodgers falsified his report.  Furthermore, the DHO made a credibility determination in favor of the officer's testimony, which this Court cannot override. See Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001); Hill, 472 U.S. at 455-56.

Finally, Bush claims he was entitled to have the DHO decision based upon the "greater weight of the evidence," rather than "some evidence," because there was conflicting evidence presented.  This standard is set forth in 28 C.F.R. § 541.17(f), which is applicable to the DHO but not to a reviewing court.  As previously found, the disciplinary actions against Bush comported with the due process requirements.

The petitioner's objections to the Report and Recommendation do not add any arguments not previously raised, and are without merit.  The Report and Recommendation shall therefore be adopted in its entirety, and the petition dismissed with prejudice. Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of

United States Magistrate Judge Michael T. Parker **(docket entry 15)** is hereby adopted as the finding of this Court, and the petitioner's objections thereto are denied;

FURTHER ORDERED that the 28 U.S.C. § 2241 petition is dismissed. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing this action with prejudice.

SO ORDERED, this the 12th day of January, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE