IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PATRICK BUSH, # 09267-081                              PETITIONER

VS.                              CIVIL ACTION NO. 5:09-cv-36(DCB)(MTP)

BRUCE PEARSON                                          RESPONDENT

ORDER

This cause is before the Court on the petitioner Patrick Bush's Motion for Reconsideration **(docket entry 24)**.  Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

On January 12, 2011, this Court entered a Final Judgment dismissing the petitioner's claims with prejudice, having previously found that the disciplinary actions against him comported with the due process requirements.  Bush now seeks reconsideration of his section 2241 claims.

If a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as a motion to alter or amend under Rule 59(e).  Fed.R.Civ.P. 59(e).  If it is filed after twenty-eight days, it is treated as a motion for relief from judgment under Rule 60(b).  Fed.R.Civ.P. 60(b).  See Lawrence v. Slidell Welding Service, Inc., 2011 WL 63875 *2 (E.D. La. Jan. 6, 2011).  Bush's motion was filed on April 13, 2011, more than twenty-eight days

after entry of the order and judgment, and is thus treated as a

Rule 60(b) motion.

> A Rule 60(b) motion is governed by more exacting
> substantive requirements than a Rule 59(e) motion. ...
> The party seeking relief from a judgment or order bears
> the burden of demonstrating that the prerequisites for
> such relief are satisfied. ... A district court must
> exercise its sound discretion in deciding a Rule 60(b)
> motion. ...

Id. (citations omitted).

Rule 60(b) provides for relief from a final judgment, order,

or proceeding in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable
> neglect;
>
> (2) newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to move
> for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or
> extrinsic);
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or
> discharged; it is based on an earlier judgment that has
> been reversed or vacated; or applying it prospectively is
> no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).  Clause 6 has been called "a grand reservoir of

equitable power to do justice in a particular case when relief is

not warranted by the preceding clauses."  Seven Elves, Inc. v.

Eskenazi, 635 F.2d 396, 402 n.3 (5th Cir. 1981).

Bush does not indicate which of the six Rule 60(b) grounds he

believes are relevant to his motion, and he has failed to show that

any of the aforementioned grounds for relief from judgment exist. He continues to dispute the Hearing Officer's findings; however, the Court has found that Bush was afforded the required due process in his prison disciplinary proceedings.  Bush attempts only to re-litigate issues previously decided by the Court, without any evidence or law sufficient to substantiate a claim of manifest error.  He has failed to set forth any grounds for relief under Rule 60(b).  Accordingly,

IT IS HEREBY ORDERED that the petitioner Patrick Bush's Motion for Reconsideration **(docket entry 24)**, which the Court construes as a Motion for Relief from Judgment under Rule 60(b), is DENIED.

SO ORDERED, this the 14th day of July, 2011.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE